**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 19-05016 (EAG) |
| HARRY SANTIAGO FELICIANO, | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 12/19/2019 |

**OPINION AND ORDER**

On September 27, 2019, the case of caption was converted from chapter 7 of the Bankruptcy Code to chapter 13, at the debtor's request.[1]  Pending before the court is the chapter 7 trustee's motion for reconsideration of the conversion order and the debtor's opposition.  (Dkt. Nos. 10 & 22.)  For the following reasons, the court denies the trustee's motion.

**I.      Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## II.      Procedural History.

On August 30, 2019, Harry Santiago Feliciano filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. (Dkt. No. 1.) On September 19, 2019, creditor Popular Auto, LLC filed its proof of claim in the amount of $24,689.26, wholly secured. (Claims Register No. 2-1.) The claim corresponds to a car loan obtained by the debtor for the purchase of a 2019 Toyota Yaris. Id. The vehicle was purchased by the debtor on July 18, 2019, which is within the 90-day preference period.

The meeting of creditors was held on September 26, 2019. (Dkt. No. 4.) Later that day, the debtor moved to convert the case to chapter 13. (Dkt. No. 8.) The motion to convert was granted the next day, on September 27, 2019. (Dkt. No. 9.)

On September 29, 2019, the chapter 7 trustee moved the court to reconsider the conversion order, arguing that the debtor's motion had been filed in bad faith. (Dkt. No. 10.) In her motion, the trustee stated that she learned during the meeting of creditors that Popular Auto had failed to perfect its security interest on the car loan within the 30-day window provided for under section 547(c)(3)(B), meaning that the creditor's subsequent perfection of the lien could be avoided as a preferential transfer.[2] Id. The trustee asserted that she intended to file a preference action–converting Popular Auto's claim to unsecured–and then to sell the vehicle to pay the debtor's creditors. Id. She requested during the meeting of creditors that the debtor turn over the vehicle to her, which he did that same day. Id. Later that afternoon, however, the debtor moved to convert the case to chapter 13, which the trustee

---

[2] Per Popular Auto's proof of claim, the creditor perfected its claim on August 23, 2019, several days too late. (Claims Register No. 2-1 at p. 7.)

argues was in bad faith solely to prevent the trustee from administering the vehicle. Id. The trustee requests, as an alternative remedy, that if the case is permitted to remain in chapter 13 and if the debtor fails to confirm a plan, that the case be re-converted to chapter 7 rather than be dismissed. Id.

On September 30, 2019, the debtor filed his opposition to the trustee's motion; amended schedules A/B, C, D and J; and a chapter 13 plan. (Dkt. Nos. 13, 14, 15, 16, 17 & 22.) In his opposition, the debtor maintains that he has not acted in bad faith, and that, with the amendments to his schedules, he will be able to confirm a chapter 13 plan. (Dkt. No. 22.) Both parties have since filed reply briefs. (Dkt. Nos. 33 & 39.)

**III.     Legal Discussion.**

Motion for Reconsideration Standard

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to relitigate matters already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 135758, at *3; Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural

3

failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the . . . court prior to judgment.").

Conversion from Chapter 7

The voluntary conversion of a chapter 7 case to chapter 13 is governed by section 706(a). The statute provides that a debtor may convert a chapter 7 case to chapters 11, 12, or 13 "at any time" if the case has not previously been converted under sections 1112, 1208, or 1307. 11 U.S.C. § 706(a). Read alone, section 706(a) appears to grant a debtor an absolute right to convert as long as the case was not previously converted. Section 706(d), however, goes on to state: "[n]ot withstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d).

The United States Supreme Court in Marrama v. Citizens Bank, 549 U.S. 365, 127 S. Ct. 1105 (2007), interpreted section 706(d) to create an exception to a debtor's right to convert where he or she acted in bad faith before the filing of the petition and/or during the pendency of the chapter 7 case. Id. at 374-75. In so holding, the Court began by identifying two reasons why an individual may not qualify as a debtor under chapter 13. Id. at 372. The first is for failure to meet the eligibility requirements of section 109(e). Id. The other is under section 1307(c), which provides that a chapter 13 case can be dismissed or converted "for cause," which courts have interpreted to include for bad faith. 11 U.S.C. § 1307(c). Id. at 373. The Marrama Court reasoned that dismissal for bad-faith conduct is "tantamount to a ruling that the individual does not qualify as a debtor under chapter 13," and therefore that such conduct

4

provides a basis for denying a motion to convert under section 706(d), together with section 105(a). Id. at 374.

The Marrama Court did not specify, though, what level of bad faith is sufficient to deny a debtor's motion to convert. Id. at 375 n.11. It did, however, emphasize that the denial of the right to convert to chapter 13 should be limited to "extraordinary cases" of bad faith where the debtor's "atypical" conduct separates him or her from "[t]he class of honest but unfortunate debtors . . . Congress sought to give . . . the chance to repay their debts should they acquire the means to do so." Id. at 374, 375 n.11. In Marrama, for example, the debtor, in bad faith, made misleading and inaccurate statements in his schedules in order to conceal significant assets. Id. at 368.

This is not the case here, though. In her motion for reconsideration, the chapter 7 trustee does not allege that the debtor engaged in any bad faith conduct per se, but rather that conversion to chapter 13 would be futile, thus demonstrating that the debtor's only intention in converting the case to chapter 13 was to keep the trustee from selling the vehicle. (Dkt. Nos. 10 & 33.) Specifically, the trustee contends that the debtor has not shown that he will be able to confirm a chapter 13 plan, since a comparison of the debtor's schedules I and J reveals that he does not have any disposable income to devote to funding a chapter 13 plan. (Dkt. No. 10 at p. 3.) The trustee also maintains that a debtor in chapter 13 will not be able to avoid Popular Auto's security interest, and therefore that the best interest of creditors would be for the case to remain in chapter 7. (Dkt. No. 33 at pp. 3-10.) There, the trustee could bring the preference action, sell the car, and then disburse the proceeds to the debtor's creditors. Id.

As to the trustee's first argument, to the extent that she asserts that Mr. Santiago Feliciano does not qualify to be a chapter 13 debtor under section 109(e), which would be grounds for denial of a motion to convert, the court disagrees.  Section 109(e) requires that a chapter 13 debtor must be "an individual with regular income" whose secured and unsecured debts fall under certain limits.  11 U.S.C. §109(e).  "An individual with regular income," in turn, means an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker."  11 U.S.C. § 101(30).  Here, the debtor earns regular income as a teacher employed by the Department of Education, and his secured and unsecured debts are within the limits for chapter 13.  (Dkt. No. 1.)  And, per his amended schedule J, the debtor generates a monthly disposable income that he can dedicate to a chapter 13 plan. (Dkt. No. 16.) Questions regarding the sufficiency of the debtor's monthly disposable income go to the feasibility of the plan rather than the eligibility to be a chapter 13 debtor, and courts have drawn a distinction between the two in the context of deciding a motion to convert.  Santiago-Monteverde v. Pereira (In re Santiago-Monteverde), 512 B.R. 432, 443 (S.D.N.Y. 2014) ("[i]f a debtor seeking conversion to Chapter 13 has income that is sufficiently regular and stable to enable him or her to make payments under some hypothetical Chapter 13 plan, the gatekeeping definitional requirement of 101(30) is satisfied.").  The court finds that the eligibility requirements under section 109(e) are met in this case.

Turning to the trustee's "bad faith" argument, in seeking to establish that the debtor's conversion of the case to chapter 7 was in bad faith, the trustee relies both on Marrama and a recent opinion and order entered in this district, In re Puntas Associates, LLC, which is

6

currently on appeal. (Bankr. Case No. 18-03123, Dkt. No. 98.) There, the court denied the debtor's motion to convert the case to chapter 11 after finding "extraordinary circumstances" constituting bad faith where the debtor "was not able to obtain financing for ten years prior to filing bankruptcy, did not make any payments to the [secured creditor] under their financing agreement for ten years, was not operating and grossly undervalued the assets it owned." (Bankr. Case No. 18-03123, Dkt. No. 98 at p. 12.) And, while the court went on to state that the debtor "has no reasonable possibility of rehabilitation," the finding of bad faith was the sine qua non in applying the Marrama exception. (Case No. 18-03123, Dkt. No. 98 at p. 13.)

Both Marrama and Puntas Associates are easily distinguishable from this case, since the debtor here is not accused of engaging in any bad faith conduct other than filing the motion to convert. However, the debtor only moved to convert the case after circumstances outside of his control–occurring after the petition was filed–threatened to substantially worsen his situation. In the statement of intention filed with the petition, the debtor indicated that he sought to retain the Toyota Yaris and continue making the monthly payments. (Dkt. No. 1.) If Popular Auto had not registered its security interest late, the trustee would have abandoned the vehicle because the Popular Auto's claim exceeded the car's value. The debtor could have then continued making payments to Popular Auto and retained the car, which he requires for his employment. (Dkt. No. 39.) Once the trustee indicated that she would be moving to avoid the transfer and sell the car, the debtor took the only step available to him to preserve the vehicle. The debtor's conduct here does not match that of an "atypical" debtor who forfeits his right to convert his case due to bad faith. The court therefore declines to extend the Marrama

exception to a case where there are no allegations of any bad faith conduct by the debtor other than a desire to preserve a disclosed asset. In re Moore, 577 B.R. 836, 837 (Bankr. D. Mass. 2017) (granting debtors' motion to convert to chapter 13, finding that "the debtors' decision to convert, even if motivated by a desire to prevent the trustee from selling their home, does not constitute bad faith under Marrama.")

As to the remainder of the trustee's arguments, the court does not think it necessary to preemptively resolve every potential objection or defense to the debtor's chapter 13 case at this point in time. As an "honest but unfortunate" debtor, Mr. Santiago Feliciano deserves a reasonable opportunity to formulate a viable chapter 13 plan that complies with all of the confirmation standards of section 1325, including the best interests of creditors test under section 1325(a)(4). This is, of course, without prejudice to a creditor or party in interest raising any objection or defense that it wishes during the course of the chapter 13 bankruptcy case.

In so doing, the court acknowledges that the debtor may be facing an uphill battle in confirming a chapter 13 plan. For example, the chapter 13 trustee has filed an unfavorable recommendation regarding the debtor's plan as well as an objection to exemptions that may significantly impact the debtor's rehabilitation strategy. (Dkt. Nos. 34 & 46.) That being said, if the debtor is ultimately unsuccessful in confirming a chapter 13 plan, the court may reconvert the case to chapter 7, since he will not be able to automatically dismiss his case under 1307(b) given that the case was previously converted from chapter 7.

## V.      Conclusion.

Based on the foregoing, the court hereby denies the chapter 7 trustee's motion for reconsideration at docket number 10.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 19th day of December, 2019.

Edward A. Godoy
U.S. Bankruptcy Judge